This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. A-1-CA-37811**

**RICHARD G. REES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
MJ Edge, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** Defendant appeals his convictions for possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23 (2011), and possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1 (2001). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient to support his convictions. Specifically, Defendant asserts the evidence was insufficient to prove Defendant knowingly possessed methamphetamine

and drug paraphernalia. [MIO 7-8] However, as we explained in our calendar notice, direct evidence of knowledge and intent is rarely available and such elements may be proved by circumstantial evidence. [CN 4] *See State v. Ortiz*, 2017-NMCA-006, ¶ 23, 387 P.3d 323. In light of Defendant's admissions to the officer that he had gotten high earlier that day and that he had used methamphetamine before, and additionally that the methamphetamine was located in Defendant's bag and the drug paraphernalia was located on Defendant's person, we do not agree with Defendant that the jury made unreasonable inferences as to his knowledge.

**{3}** Defendant has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{5}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**